UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALATHIEL THOMAS,

    Plaintiff,

v.

WAYNE COUNTY COMMUNITY
COLLEGE DISTRICT,

    Defendant.
_____/

Case No. 19-13499

HON. DENISE PAGE HOOD

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [ECF No. 8]

### I.  INTRODUCTION

Plaintiff filed this cause of action on November 25, 2019. On January 26, 2020, Plaintiff requested, and on January 28, 2020 the Clerk of the Court filed, a Clerk's Entry of Default against Defendant for failing to plead or otherwise defend this cause of action. ECF. Nos. 4, 5.  On August 28, 2020, Defendant filed a Motion to Set Aside Clerk's Entry of Default (the "Motion to Set Aside"). ECF No. 8.  Plaintiff did not file a response.  For the reasons that follow, the Court grants the Motion to Set Aside.

### II.  BACKGROUND

Plaintiff alleges that Defendant discriminated against her, and failed to

1

accommodate her disability, in violation of the Americans with Disabilities Act. Defendant states that Plaintiff attempted to serve Defendant with the Complaint on December 12, 2019 by making personal service upon Raib Zeihr, a non-officer, non-agent of Defendant. ECF No. 3. Plaintiff also mailed a copy of the Summons and Complaint to Defendant but did not restrict delivery to an officer or agent of Defendant. On December 4, 2019, the mailed copy of the Summons and Complaint was received by an individual (whose name is not legible). *Id.*

### III. ANALYSIS

### A. Legal Standard

Pursuant to Federal Rules of Civil Procedure 55(c), an entry of default may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from judgment. *See also Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

"Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, 2000WL 1257040,

at *5 (6th Cir. 2000) (TABLE) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ("if service of process was not proper, the court must set aside an entry of default."). A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 350 (1999).

**B.     Analysis**

The Motion to Set Aside turns on whether Defendant was properly served. Defendant is "a political subdivision of the State of Michigan, organized and founded pursuant to the statutes of the State of Michigan," ECF No. 1, ¶ 2, and is a corporation under Michigan law. *See* M.C.L. § 389.103.

The Court concludes that Plaintiff failed to properly serve the summons and Complaint on Defendant, which is a corporation, and that the Clerk's Entry of Default

should be set aside. Pursuant to Federal Rule of Civil Procedure 4(h)(1), personal service on a corporate must be made either by: (a) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" or (b) "by delivering a copy of he summons and of the complaint to an officer, a managing agent or general agent, or another agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Rule 4(h)(1) does not provide for service of process upon corporations simply by mail. *O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.*, 340 F.2d 345, 354-55 (6th Cir. 2003) (having a receptionist sign for an overnight package is not sufficient under Rules 4(b) and (h); *Larsen v. Mayo Med. Or.*, 218 F.3d 863, 868 (8th Cir. 2000). *Etherly v. Rehabitat Systems of Michigan*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. 2013) (improper service where "someone at Rehabitat acknowledged receipt" of a certified mail package because "Rule 4(h)(1) does not authorize service of process by mail; it requires mailing combined with personal service of the agent."). There is no evidence or indication that either of the persons affiliated with Defendant who was served with a copy of the Summons and Complaint was "an officer, a managing agent or general agent, or another agent authorized by appointment or by law to receive service of

4

process."

Plaintiff also did not serve Defendant in compliance with the state law of Michigan. Under Michigan law, service of process on a corporation may be made by serving a copy of the summons and complaint on "the president, the chairperson, the secretary, the manager, or the clerk of [the] body organized or existing under the constitution or laws of the state of Michigan," and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation. M.C.R. 2.105(G)(8). There is no evidence or indication that either of the persons affiliated with Defendant who was served with a copy of the Summons and Complaint held any of those positions.

Having found that Plaintiff did not properly serve Defendant, the Court concludes that it did not have the authority to enter a default ageinst Defendant. As the Sixth Circuit has held, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). Where the Court lacks personal jurisdiction over the Defendant, the Court cannot take action, including the entry of default, against the defendant.

> When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the

default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).

"However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

*Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936, at **5-6 (E.D. Mich. Feb. 22, 2016) (Cox, J.).

For all of the reasons stated above, the Court holds that Plaintiff failed to properly serve Defendant. As the Court had no authority to enter the Clerk's Entry of Default against Defendant, the Court grants Defendant's Motion to Set Aside.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside Clerk's Entry of Default [ECF No. 8] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **VACATE** the Clerk's Entry of Default [ECF No. 5].

IT IS FURTHER ORDERED that, within seven (7) days of the entry of this Order, Defendant's counsel shall file with the Court the name and address of an agent of Defendant upon whom Plaintiff can properly serve Defendant.

IT IS ORDERED.

DATED: October 2, 2020

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge