UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALATHIEL THOMAS,

    Plaintiff,

v.

                                  Case No. 19-13499
                                  HON. DENISE PAGE HOOD

WAYNE COUNTY COMMUNITY
COLLEGE DISTRICT,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 27]**

**I.    INTRODUCTION**

Plaintiff Salathiel Thomas alleges that Defendant Wayne County Community College District ("WCCCD" or "Defendant") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*, by failing to accommodate her and discriminating against her on the basis of her disability. On January 18, 2022, Defendant filed a Motion for Summary Judgment, ECF No. 27, and the parties have fully briefed the Motion. A hearing on the Motion was held on April 14, 2022. The Motion for Summary Judgment is granted in part (as to Count II) and denied in part (as to Count I).

1

## II.    BACKGROUND

Plaintiff began working for Defendant as a Records Technician in 1987. Defendant has multiple campuses and facilities throughout Wayne County, including three campuses in the City of Detroit and a campus in Belleville (the Ted Scott Campus). Plaintiff worked at the Eastern Campus, which is located in the City of Detroit, from 2016 to 2019. Prior to 2019, Plaintiff twice requested accommodations to her work schedule while working at the Eastern Campus. In 2016, she requested that she not have to work late at night because a temporary vision loss in her left eye made it difficult for her to work during night hours. In 2017, Plaintiff requested an accommodation to move her start time back by one-half hour, so that she would not be alone in the office and campus security would be on site, due to safety concerns associated with a previous incident. Both requests for accommodation of work hours were granted.

On or about May 14, 2019, the Human Resources department for Defendant advised Plaintiff by Personnel Action Notice that she was being transferred to a different campus; specifically, she was being transferred, effective immediately, to Defendant's western-most campus located in Belleville, known as the Ted Scott Campus. ECF No. 27, Ex. 1. Plaintiff was advised that she would continue in her role as Records Technician at the Ted Scott Campus. Defendant's Senior Vice

Chancellor, Furquan Ahmed, has testified that the transfer was made because there was a need for a records technician at the Ted Scott Campus, as requested by the president of that campus, Tony Arminiak.  Mr. Ahmed testified that the employee he selected and authorized for transfer to the Ted Scott Campus was Plaintiff.

Plaintiff never reported to work at the Ted Scott Campus.  On May 16, 2019, Plaintiff was seen by Dr. Pamela Castro-Camero, who authored a letter to Defendant indicating that Plaintiff should remain off work until May 31, 2019.[1]  Plaintiff was placed on medical leave.  Another of Plaintiff's medical providers, Dr. Rachel Shao-ling Lee, sent a letter to Defendant on May 24, 2019.  That letter stated that Plaintiff could not work more than 10 miles from home due to a driving restriction.

At some point between May 14 and May 28, 2019, Plaintiff asked that she be accommodated by remaining at the Eastern Campus, which was within ten (10) miles of her home.  She received a call on May 28, 2019 from Clara Thurman, a Human Resources associate for Defendant.  Ms. Thurman advised Plaintiff that Defendant would not accommodate Plaintiff's request to remain at the Eastern Campus.  On May 29, 2019, Plaintiff emailed Mr. Ahmed, Mark Sanford (the Eastern Campus president), and Ms. Thurman.  In that email, Plaintiff outlined her

---

[1] Other physicians later wrote notes extending her disability leave to August 25, 2019, although one doctor (Allen Cushingberry) indicated that she could return to work without restriction on July 1, 2019.

3

"concerns" about being sent to the Ted Scott Campus, represented that she had sarcoidosis, and expressed that this would be her formal request for reasonable accommodation under the ADA. On June 5, 2019, Ms. Thurman sent a letter to Plaintiff that stated as follows: "This is a follow up to our conversation regarding the specific accommodation in question. We are unable to accommodate the restriction of not working greater than 10 miles from your home." ECF No. 30, Ex. 1 at PageID.221. Defendant's representatives did not talk to Plaintiff, her physician(s) or anyone associated with Plaintiff about her May 29, 2019 request for accommodation.

Plaintiff never returned to work for Defendant after receiving the May 14, 2019 notification that she was to immediately begin reporting for work at the Ted Scott Campus. After Plaintiff was on medical and/or sick leave between May 16, 2019 and August 19, 2019, she submitted a letter of retirement to Defendant. Plaintiff claims that, due to the actions and inaction of Defendant, she has suffered a significant loss of income from being forced into resignation and early retirement. Plaintiff seeks back pay, emotional damages, compensatory damages, and attorney fees.

## III.   APPLICABLE LAW

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders

all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## IV. ANALYIS

### A. Disability Discrimination Claim Waived and Dismissed (Count II)

In her response brief, Plaintiff states that she is "seeking a reasonable accommodation under the Americans with Disabilities Act (ADA) for her continued employment as a Records Technician with Defendant[.]" ECF No. 30, PageID.197. Plaintiff expressly references Defendant's argument that her disability discrimination claim in Count II should be dismissed only in the Questions Presented portion of her response brief.[2] Plaintiff otherwise uses the word discriminate (or some form of it) only in the following paragraph immediately following the caption "Defendant Failed to Provide Plaintiff with a Reasonable Accommodation as Required by the ADA:"

> 42 USC §12112 provides that it is illegal for an employer to **discriminate** against a qualified individual with a disability with regard to the terms and conditions of employment. The statute further defines the term "**discriminate** against a qualified individual with a disability" to include "not making reasonable accommodations to an otherwise

---

[2] Plaintiff states:

> 2. HAS PLAINTIFF STATED A CLAIM FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT?
>
> Plaintiff Response: "Yes."
> Defendants Response: "No."

6

> qualified individual with a disability" unless the employer "can demonstrate that the accommodation would impose an undue hardship…" 42 USC §12112(5)(A). Here, there is no evidence of dispute that Plaintiff is a qualified individual with a disability. Therefore, the issues are whether Plaintiff sought a reasonable accommodation and whether such accommodation would impose an undue [hardship] on Defendant.

ECF No. 30, PageID.202 (emphasis added).

Based on: (1) Plaintiff's affirmative statement in her response brief that she is seeking reasonable accommodation; and (2) the absence of any argument regarding her disability discrimination claim in her response brief, the Court finds that Plaintiff has waived the disability discrimination claim in Count II. The Court grants Defendant's Motion for Summary Judgment with respect to the disability discrimination claim in Count II and dismisses Count II of Plaintiff's complaint.

### B. Failure to Accommodate Claim (Count I)

42 USC §12112(a) provides: "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." The statute further defines the term "discriminate against a qualified individual with a disability" to include "not making reasonable accommodations to an otherwise qualified

7

individual with a disability" unless the employer "can demonstrate that the accommodation would impose an undue hardship…" 42 USC §12112(b)(5)(A).

### 1. *Prima Facie Case*

In order to establish a prima facie case under the ADA for failure to accommodate, a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Johnson v. Cleveland City Sch. Dist.*, 443 F.App'x 974, 982-83 (6th Cir. 2011) (citing *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004)). Once the employee has established a prima facie case, "the burden shifts to the [employer] to show that accommodating the [employee] would impose an undue hardship on the operation of its business." *Keith v. County of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013).

The initial burden is on Plaintiff to demonstrate that a requested accommodation is "reasonable on its face." *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). Under the ADA, "[a]n employee has the burden of proposing an initial [reasonable] accommodation." *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010). *See also Walsh v. United Parcel Serv.*, 201 F.3d 718, 725 (6th Cir.

2000) ("The burden of establishing that the proposed accommodation is reasonable remains with the plaintiff."). "[T]he inquiry into reasonableness requires [] a factual determination untethered to the defendant employer's particularized situation." *Walsh*, 201 F.3d at 726 n.3 (internal quotation marks omitted). The reasonableness of an accommodation is generally a question of fact for a trier of fact. *Keith*, 703 F.3d at 927 (citation omitted).

Defendant's position is that, once it provided Plaintiff with the notice of transfer in the May 14, 2019 Personnel Action Notice, Plaintiff's workstation immediately became the Ted Scott Campus. Defendant contends that, because Plaintiff's request to work at the Eastern Campus location was made after she was assigned to the Ted Scott Campus, her request for accommodation was actually a request to be transferred or returned to the Eastern Campus, not a request to stay or continue at the Eastern Campus.

Defendant argues that Plaintiff's request for accommodation was based solely on her commute and had nothing to do with working conditions or times, as her previous, approved requests for accommodation had been. Defendant believes Plaintiff's request should be considered a request to eliminate the requirement that she commute to the Ted Scott Campus because she could not drive more than 10 miles. For that reason, Defendant maintains that Plaintiff's requested

9

accommodation is unreasonable as a matter of law because it involves and would address barriers outside of the workplace, citing *Regan v. Faurecia Auto Seating, Inc.*, 679 F.3d 475, 480 (6th Cir. 2012), not an accommodation within the parameters of the work environment.

In *Regan*, the plaintiff suffered from narcolepsy and requested a shift change to shorten her commute and decrease the chance of aggravating her narcolepsy. Her doctor agreed that a shorter commute, during more convenient hours, would be in her best medical interest. *Id*. at 479, 480. The Sixth Circuit upheld the dismissal of her ADA claim on summary judgment. The court held that the ADA "does not require [the employer] to accommodate [a plaintiff's] request for a commute during more convenient hours," and agreed that "[w]hile an employer is required to provide reasonable accommodations that eliminate barriers in the work environment, an employer is not required to eliminate those barriers which exist outside the work environment." *Id.* at 480 (quoting *Salmon v. Dade Cnty. Sch. Bd.*, 4 F.Supp.2d 1157, 1163 (S.D. Fla. 1998)) and citing *Robinson v. Bodman*, 333 F.App'x 205, 208 (9th Cir. 2009) ("The [employer] was not required to accommodate [plaintiff's] inability to drive to work or use public transportation."); *LaResca v. Am. Tele. & Telegraph*, 161 F.Supp.2d 323, 333 (D. N.J 2001) ("the change to day shift sought by Plaintiff is not an 'accommodation,' that it is legally obligated to provide, but is simply a

10

request for an easier, more convenient commute"); *Schneider v. Cont'l Cas. Co.*, 1996 WL 944721, at *9 (N.D. Ill. Dec. 16, 1996) (employer not required to eliminate employee's commute to accommodate employee's back injury); *Chandler v. Underwriter Labs., Inc.*, 850 F.Supp.728, 736 (N.D. Ill. 1994) (inability to undertake long commute because of back injury not a disability for purposes of employer benefit plan but rather a limitation within employee's control). On the basis of *Regan* and the other cited cases, Defendant insists that Plaintiff's request concerned only her commute and did not bear on a condition of her work environment. For those reasons, Defendant argues Plaintiff's request was unreasonable as a matter of law and precludes Plaintiff's ability to establish a prima facie case.

Plaintiff argues that Defendant's emphasis on the commute aspect of Plaintiff's request for accommodation is misplaced. Plaintiff insists that her request for accommodation was nothing more than asking that she remain in the location that she had worked in for several years (it appears that she has been at the Eastern Campus since 2016). She states that the basis for her request is the impact of her disability on her commute as a reason to grant a reasonable accommodation to allow her to remain at the Eastern Campus, not a complaint about the commute itself or a request for accommodation regarding the commute. Plaintiff maintains that she is not requesting a transfer to a WCCCD location with a shorter commute (as in

11

*Salmon*) but rather that, because of her disability, she not be transferred to the Ted Scott Campus from the Eastern Campus at all. She argues that a request to accommodate an employee's shift is a reasonable accommodation under the ADA, as it takes place in the workplace, not outside of it. Citing 42 U.S.C. § 12111(9)(A)(B).

Plaintiff contends that granting her request also would have prevented Defendant from "trying to force a change onto [Plaintiff] that violated her restrictions" when it notified Plaintiff of – and implemented – her transfer from the East Campus to the Ted Scott Campus. ECF No. 30, PageID.204. Attached to Plaintiff's response brief is a letter from her doctor (Pamela Castro-Camero, DO) dated November 8, 2016 that stated Plaintiff should not work more than 10 miles from her home. ECF No. 20, PageID.227. It is undisputed that Plaintiff submitted to Defendant on or about May 24, 2019 – over a week after Defendant notified her of the transfer to the Ted Scott Campus -- a note from her doctor (Rachel Shao-Ling, Lee, MD) indicating that Dr. Lee saw Plaintiff on May 24, 2019. Dr. Lee's "medical opinion [was] that [Plaintiff] should not work greater than 10 miles from her home." ECF No. 20, Ex. 1 at PageID.226.

The Court is persuaded by Plaintiff's position. Plaintiff never stopped working at the Eastern Campus and never began working at the Ted Scott Campus.

Accordingly, her request was to remain at Eastern Campus constituted evidence of a request for accommodation because of her disability. The Court further finds that Plaintiff has proffered evidence that Defendant had Records Technicians other than Plaintiff who could have been transferred to the Ted Scott Campus. Citing ECF No. 30, Ex. 5 (Ahmed Dep.) at 28. Ahmed admitted that the transfer order did not originally contain any names, and Defendant chose to move Plaintiff rather than any of the other Records Technicians in the organization. *Id.* at 23-25. Plaintiff states that, once she was advised of the proposed transfer, she promptly submitted her reasonable accommodation to Defendant, requesting to remain at the Eastern Campus. Plaintiff claims that Defendant could have – but refused to -- accommodate her by transferring another Records Technician.

Defendant argues that Plaintiff was not qualified for her position because she could not – or at least never did – show up for work at the Ted Scott Campus. Defendant's argument, however, does not support finding that Plaintiff was not qualified to perform the Records Technician at any campus. The Court notes, as Plaintiff contends, that there is no dispute that Plaintiff had the capacity to perform the tasks that Defendant would have required her to perform at the Ted Scott Campus, which were the same as she had been performing. Defendant's argument again really goes to whether the requested accommodation was reasonable.

13

Defendant also insists that Plaintiff has failed to show that there was a vacant and available position at Eastern Campus, even if her request for accommodation was reasonable. Citing *Willard v. Potter*, 264 F.App'x 485, 487-88 (6th Cir. 2008). The *Willard* court stated:

> [I]dentifying the necessary accommodation requires the Plaintiff to identify the position to which she should have been reassigned. Therefore, as part of her prima facie case, the Plaintiff must identify a vacant, funded position for which she was qualified, with or without qualification, that existed at the time of her request for reassignment.

*Id.* Defendant asserts that Plaintiff was assigned to the Ted Scott Campus because an in-person Records Technician was needed there, and no such person was needed at Eastern Campus.

The Court is not convinced by this argument for purposes of summary judgment. Defendant's argument that it needed Plaintiff (or some Records Technician) to transfer to the Ted Scott Campus to fulfill staffing needs there is relevant in this case. But, that need does not operate to preclude the existence of a genuine dispute of material fact whether a position at Eastern Campus was open at the time Plaintiff made her accommodation request. As Plaintiff argues, there is no evidence that the Records Technician position that Plaintiff was performing as of May 14, 2019 had been filled at the time she made her requests to remain at the Eastern Campus in May 2019. For that reason, there is evidence that, when Plaintiff

14

made her requests for accommodation, there was an open ("vacant and available") position at Eastern Campus for which she was qualified.

### 2. *Undue Hardship*

Plaintiff asserts that her request would not impose undue hardship on Defendant. The factors to consider with respect to whether an accommodation would constitute an undue hardship include: (a) the nature and cost of accommodation; (b) the location's resources and employees; (c) the overall employer resources; and (d) the employer's operations. 42 U.S.C. § 12111(10)(B). An employer has the burden of establishing undue hardship with specific evidence, not a bare statement that it would suffer an undue hardship. *Smith v. Henderson*, 376 F.3d 529 (6th Cir. 2004) (employer's general statement that proposed accommodation would impose undue hardship because "production was down and expenses were up" was insufficient to establish undue hardship); *Hughes v. Beaumont Hosp.*, No. 13-cv-13806, ECF No. 37 (E.D. Mich. Oct. 31, 2014) (statement that defendant followed its policies and therefore did not have to make accommodation is not enough to show undue hardship).

Plaintiff contends that she was not asking that Defendant to make any changes but, instead, continue to have her perform the role of Records Technician at the Eastern Campus. She asserts that she provided physician notes to support her

15

repeated requests for accommodation, but Defendant ignored the requests and the physician notes. Defendant has failed to specify a reason why Plaintiff was the person who had to transfer to the Ted Scott Campus. Ahmed's responses on this issue were vague, and he stated, "I don't recall exactly in this case . . . but the majority of the time is due to actually the need at the campus for staffing . . ." when asked why Plaintiff was transferred. ECF No. 30, Ex. 5 (Ahmed Dep.) at 18. When asked "why specifically [Plaintiff] was transferred in May of 2019 to Ted Scott," Ahmed stated, "It was due to a conversation with the campus presidents just saying I need help." *Id.* at 18, 24-25.

Defendant counters that Plaintiff's alleged inability to work at any WCCCD campus outside of a 10-mile radius would constitute an undue hardship on Defendant. Defendant argues that it expects and needs its employees to be available to work at any and all campuses and granting Plaintiff's accommodation would preclude her from being able to work at more than half of Defendant's campuses.

The Court finds that Defendant has not met its burden of establishing that Plaintiff's request for accommodation would impose an undue hardship on Defendant. First, Defendant's representations regarding why it needed to transfer someone to the Ted Scott Campus at the time were based on speculation. Ahmed stated that he believed he was asked to provide help at the Ted Scott Campus, but he

did not specify who asked, could not recall the conversation in which he was asked, and did not provide any documentation regarding the need for a transfer of a Records Technician to the Ted Scott Campus in May 2019. Second, Ahmed has not provided a reason why Plaintiff – and not another one of Defendant's then-employed records technician – was selected and/or had to be the Records Technician transferred to the Ted Scott Campus.

Third, Defendant has not explained how allowing Plaintiff to continue working at the Eastern Campus would create an undue hardship on Defendant's operations. Defendant simply states that allowing Plaintiff's accommodation request would create an exception to Defendant's policy of requiring its employees to be available to work at any of its locations. This is precisely the type of bare bones statement that is not sufficient. *See Smith, supra*. Fourth, when denying Plaintiff's request, Defendant did not identify "undue hardship" (or specify any financial or operations basis) as a reason for denying Plaintiff's requested accommodation. Defendant simply stated, "We are unable to accommodate the restriction of not working greater than 10 miles from your home." ECF No. 30, Ex. 1 at PageID.221. Finally, Defendant has not offered a substantive analysis of the four factors in § 12111(10)(B), merely stating "not being able to work at the required location after the transfer, and not being able to work at several different campuses

17

around the district put an undue [hardship] on the College when facilitating the needs of the school." ECF No. 27, PageID.109.

For these reasons, the Court finds that Defendant has not met its burden of establishing that granting Plaintiffs' requested accommodation would create an undue hardship on Defendant.

### 3. *Interactive Process*

Defendant argues that, even if Plaintiff can establish a prima facie case and rebut Defendant's claim of undue hardship, Plaintiff did not participate in the interactive process in good faith, as is required. *See Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 840 (6th Cir. 2018); *Kleiber v. Honda of America Manufacturing*, 485 F.3d. 862 (6th Cir. 2007) (the interactive process is mandatory, and both parties have a duty to participate in good faith). The regulations provide:

> To determine the appropriate reasonable accommodation, it may be necessary for the [employer] to initiate an informal, interactive process with the individual with a disability in need of the accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

29 CFR §1630.2(o)(3).

> Once an individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible,

> interactive process that involves both the employer and the individual with a disability.

29 CFR app. §1630.9.

Defendant claims: (1) Plaintiff submitted only a letter from her doctor that said she could not work more than 10 miles from her home, without any reason, indication of medical necessity, or supporting diagnosis; (2) never showed up for work at the Ted Scott Campus and instead took leave; and (3) filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Defendant argues that Plaintiff actions were in bad faith because they precluded any ability of Defendant to facilitate any viable arrangement with Plaintiff, if possible, and failed to let the process play out before filing with the EEOC. *Jakubowski*, 627 F.3d at 203 ("the employer is not required to propose a counter accommodation in order to participate in the interactive process in good faith").

Plaintiff argues that Defendant did not participate in good faith, as Defendant's representatives (namely, Ahmed, the decision maker) refused to discuss the accommodation with her, did not offer any counter accommodation, did not fully consider her medical records, and Ahmed did not consider her email explaining her accommodation request and accompanying physician letter. Plaintiff believes that Defendant ignored its duties, including a duty to request clarification from Plaintiff or her physicians, if necessary. Plaintiff states that she gave detail for why she was

19

asking for the accommodation under the ADA, including specifying her sarcoidosis diagnosis, in her May 29, 2019 email.

The Court concludes that there is evidence that Plaintiff participated – or tried to participate -- in the interactive process, and there is evidence that Defendant failed to do so.

### 4. *Conclusion*

For the reasons stated above, the Court concludes that Defendant has failed to establish, as a matter of law, that there is absence of material fact to support Plaintiff's failure to accommodate claim. The Court denies Defendant's motion for summary judgment with respect to the failure to accommodate claim.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED Defendants' Motion for Summary Judgment, ECF No. 27, is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that **Count I REMAINS PENDING** and **Count II is DISMISSED**.


Date:  March 31, 2023          s/Denise Page Hood
                                DENISE PAGE HOOD
                                UNITED STATES DISTRICT JUDGE